UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:24-cv-24822-SMITH/LETT

VANESSA CARDONA,

  Plaintiff,

v.

CBIZ ADVISORS, LLC, *et al.*,

  Defendants.

_____/

## <u>REPORT AND RECOMMENDATION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS CASE WITH PREJUDICE</u>

**THIS CAUSE** is before the Court upon the parties' FLSA Settlement Agreement (the "Agreement") [ECF No. 39]. United States District Judge Rodney Smith referred the matter to the Undersigned to determine whether any settlement is "a fair and reasonable resolution of a bona fide dispute" [ECF No. 45].

This case involves claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for alleged unpaid overtime wages[1]. "There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees:" (1) "under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them;" and (2) "[w]hen

---

[1] The Complaint also references a claim for "retaliation." *See* Compl. ¶ 1 ("This is an action by the Plaintiff for damages exceeding $75,000, excluding attorneys' fees or costs, for unpaid wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201- 219 ("FLSA")." However, the Complaint does not assert a count based on this claim, nor is this claim mentioned in the Plaintiff's Statement of Claim [ECF No. 7].

employees bring a private right of action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 150, 1352 (11th Cir. 1982). Therefore, before this Court can approve a settlement of the FLSA claims and dismiss this case, the Undersigned must scrutinize the settlement agreement (the "Agreement") to ensure it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. at 1355.

In determining whether the Agreement is fair and reasonable, the Court considers several factors, including: (1) existence of fraud; (2) complexity of the case; (3) the point of the proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion. *See McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-cv-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010). The Court must also evaluate the reasonableness of "counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement," *id.*, because, "[w]hen a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery." *Wing v. Plann B Corp.*, No. 6:11-CV-1499-ORL-36, 2012 WL 4746258, at *2 (M.D. Fla. Sept. 17, 2012), *report and recommendation adopted*, No. 6:11-CV-1499-ORL-36, 2012 WL 4746190 (M.D. Fla. Oct. 4, 2012). However, where the settlement agreement "represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the

amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009); *see also Wing*, 2012 WL 4746258, at *3.

The Court reviewed the Agreement between the parties. In scrutinizing the Agreement, the Court considered the above factors and the reasonableness of Plaintiff's counsel's attorney's fees. The Undersigned also considered the parties' dispute regarding whether Plaintiff is entitled to wages under the FLSA and whether Defendant failed to properly pay Plaintiff her owed overtime compensation.

Having done so, the Court finds that the Agreement represents a genuine compromise of a bona fide dispute. The Court also finds that the amount of the settlement proceeds designated to Plaintiff's counsel's legal fees is reasonable and was negotiated separately and apart from Plaintiff's recovery. *See Latorre v. Martial Arts World Am.*, No. 23-CV-401, 2023 WL 5933678, at *2 (M.D. Fla. Aug. 14, 2023) (recommending approval of a FLSA settlement agreement that allocated half of the settlement payment towards attorney's fees and costs), *report and recommendation adopted*, No. 23-CV-401, 2023 WL 5938644 (M.D. Fla. Aug. 15, 2023). The Agreement identifies the settlement amounts to be paid to Plaintiff as wages and liquidated damages, along with the amount designated for attorney's fees.

Accordingly, it is respectfully **RECOMMENDED** that:

3

1. The Parties' Agreement be deemed fair and reasonable, and the settlement be **APPROVED**.

2. The case be **DISMISSED with prejudice**.

3. The Clerk of Court be directed to **CLOSE** this case and **DENY** any pending motions as moot.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on this 26th day of May, 2026.

_____

**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

The Undersigned notes that the parties have not moved for a fairness determination.